```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
UNITED STATES OF AMERICA      :
                              :
v.                            :     CRIM. NO. 3:19-CR-239 (AWT)
                              :
ONIEL WILKS                   :
                              :
------------------------------x
```

## ORDER CONTINUING JURY SELECTION

The Government's Motion for Speedy Trial Act Findings of Excludable Delay (ECF No. 27) is hereby GRANTED. On October 31, 2019, the court issued an Order to Continue Jury Selection (ECF No. 26) to April 9, 2020. On March 11, 2020, this court adopted a General Order suspending all jury selections and jury trials scheduled to begin before April 10, 2020 in the District of Connecticut. See In Re: Court Operations Under the Exigent Circumstances Created by COVID-19. The court has since adopted a superseding general order, In Re: Court Operations Under the Exigent Circumstances Created By COVID-19 (the "Superseding General Order"), pursuant to which:

> 1) All civil and criminal (grand and petit) jury selections and jury trials scheduled to commence now through May 15, 2020 before any district or magistrate judge in any courthouse in the District of Connecticut (i.e., Richard C. Lee U.S. Courthouse in New Haven; Abraham Ribicoff Federal Building in Hartford; and Brien McMahon Federal Building in Bridgeport) are CONTINUED pending further Order of the Court; [and]
>
> [3]) With regard to criminal trials, due to the Court's reduced ability to obtain an adequate spectrum of jurors

and the effect of the above public health recommendations on the availability of counsel and Court staff to be present in the courtroom, the time period of the continuances implemented by this Standing Order will be excluded under the Speedy trial Act, as the Court specifically finds that the ends of justice served by ordering the continuances outweigh the best interests of the public and each defendant in a speedy trial, pursuant to 18 U.S.C. § 3161(h)(7)(A).

The court hereby finds that, in addition to these public health concerns for prospective jurors and the ability of the court to obtain an adequate spectrum of jurors as outlined in the Superseding General Order, an ends-of-justice delay is appropriate in this case because:

- This trial involves a lead investigating agent and other law enforcement witnesses who may not enter the federal courthouse according to the terms of the court's Visitor Restriction Order because they are under quarantine and one of the case agents has been suffering significant symptoms consistent with exposure to the corona virus. The government could not adequately prepare and present its case without this agent's hands-on participation with witnesses, counsel, and others.

- Government counsel and other personnel in the United States Attorney's Office have been encouraged to telework and minimize personal contact to the greatest extent possible. Trial preparation necessarily involves close contact with witnesses and close collaboration between parties and their representatives.

- This case has been the subject of an ongoing investigation by the government into possible additional criminal conduct by the defendant, and much of the evidence is located outside Connecticut and involves coordination with and travel by persons located around the country. The current travel restrictions and the restricted work schedules of those involved in the investigation have delayed the

investigation. It has been difficult for grand juries to meet in the District of Connecticut, and this has also delayed the investigation. The investigation has also been delayed due to the inability of one of the lead investigators who was the point-of-contact for evidence collection to participate because he has been quarantined at home with high fever and other symptoms for weeks.

These findings may be incorporated by reference in any future orders excluding speedy trial time in this case.

Accordingly, the court finds that the interests of justice served by continuing jury selection from April 9, 2020 to June 11, 2020, the court's first jury selection date after May 15, 2020 outweighs the interests of the public and the defendant in a speedy trial. See 18 U.S.C. § 3161(h)(7)(A). Accordingly, the speedy trial time shall be excluded from April 9, 2020 to June 11, 2020.

It is so ordered.

Dated this 20th day of April, 2020 at Hartford, Connecticut.

_____/s/ AWT_____
Alvin W. Thompson
United States District Judge