```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

------------------------------x
                              :
UNITED STATES OF AMERICA      :
                              :
v.                            :      CRIM. NO. 3:19-CR-239 (AWT)
                              :
ONIEL WILKS                   :
                              :
------------------------------x
```

## ORDER EXCLUDING SPEEDY TRIAL TIME

On June 11, 2020, the defendant made an oral motion to continue jury selection to October 8, 2020. In addition to being charged in this case, the defendant is facing the possibility of charges based on conduct alleged to have occurred in another jurisdiction. The defendant and the government agreed that it was appropriate to continue jury selection with the goal of achieving a global resolution. The court granted the defendant's motion and excluded the speedy trial time to October 8, 2020. See ECF No. 47.

The court held a status conference on October 6, 2020 at which there was a discussion of a letter from the defendant as well as dates for jury selection and trial. It was agreed that counsel would confer and inform the court how they wished to proceed. The defendant and the government continued to engage in discussions with the goal of achieving a global resolution.

Those discussions were continuing when, on February 23, 2021, the government filed a motion for Curcio hearing. See ECF

No. 60. In the course of the discussions, counsel for the defendant had become aware of a potential conflict of interest.[1] At this point, because of the existence of a potential conflict of interest, discussions of any global resolution were put on hold.

The court held a Curcio hearing on April 8, 2021. Attorney Jonathan Eihorn was appointed to be standby counsel for purposes of the Curcio hearing. At the end of that hearing, the defendant asked for additional time to think about whether he would waive the potential conflict of interest. On April 13, 2021, the defendant informed the court that he would not waive the potential conflict of interest. The court inquired as to whether the defendant would like CJA counsel to be appointed, and the defendant stated that he would seek to retain new counsel within 30 days. The court terminated the appearance of defendant's counsel, Attorney Aaron Romano.

On May 17, 2021, the court held a status conference to discuss the defendant's efforts to retain new counsel. The defendant reported that he is making progress but needs additional time. The court gave the defendant an additional 45 days to retain new counsel, i.e. until July 1, 2021.

---

[1] Meanwhile, on October 28, 2020, the defendant had filed a motion for reconsideration of the denial of the defendant's motion for release from custody, which the court denied on November 12, 2020. See ECF Nos. 53 and 58.

Once the defendant has obtained new counsel, the government and the defendant will continue their effort to reach a global resolution.

Accordingly, jury selection is continued to July 15, 2021. In addition, because the previous continuances of jury selection and a further continuance of jury selection in order to give the parties time to negotiate a global resolution are in the best interests of the public and the defendant, the court finds that the speedy trial time with respect to the period from **October 8, 2020 to July 15, 2021** should be excluded under 18 U.S.C. § 3161(h)(1)(7)(A).

It is so ordered.

Dated this 24th day of May, 2021 at Hartford, Connecticut.

/s/ AWT
Alvin W. Thompson
United States District Judge