UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT



Grand Jury B-21-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:19CR239 (AWT) |
| | : | |
| v. | : | VIOLATIONS: |
| | : | |
| ONIEL WILKS, a/k/a "Michael Levar Grant," a/k/a "Christopher Rogers" | : | 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances) |
| | | |
| | | 18 U.S.C. § 1542 (Making a False Statement in a Passport Application) |
| | | |
| | | 18 U.S.C. § 1028A(a)(1) (Aggravated Identity Theft) |
| | | |
| | | 18 U.S.C. § 1956(h) (Money Laundering Conspiracy) |

## **SUPERSEDING INDICTMENT**

The Grand Jury charges:

### INTRODUCTION

At all times relevant to this Indictment:

1. ONIEL WILKS, the defendant herein, was a citizen of Jamaica with a birth date known to the Grand Jury in 1979.

2. On or about February 27, 2014, WILKS was removed from the United States to Jamaica.

3. On or about March 6, 2015, Florida driver's license number G653-552-81-102-0 was issued to one Michael Levar Grant, with a date of birth known to the Grand Jury in 1981 and a Social Security Number known to the Grand Jury ending in 5827. The photograph on the driver's license was of WILKS, the defendant herein.

4. On or about February 17, 2016, in Danbury, Connecticut, WILKS submitted or caused to be submitted a passport application in the name of Michael Levar Grant, with a birth date known to the Grand Jury in 1981 and a social security number known to the Grand Jury ending in 5827. A birth certificate for Michael Levar Grant, showing a birthplace of Bridgeport, Connecticut, was submitted in support of the application as was the Florida driver's license described in paragraph 3 above. The application was signed with the name Michael Levar Grant under penalties for perjury.

5. Thereafter, pursuant to the passport application referenced in paragraph 4, WILKS received a passport in the name of Michael Levar Grant.

6. On or about February 21 through on or about February 23, 2016, WILKS was at the Mohegan Sun Casino, located in Uncasville, Connecticut, in the District of Connecticut.

7. On or about May 1 through on or about May 3, 2017, WILKS was at the Mohegan Sun Casino, located in Uncasville, Connecticut, in the District of Connecticut.

8. On or about May 5 through on or about May 6, 2017, WILKS was at the Mohegan Sun Casino, located in Uncasville, Connecticut, in the District of Connecticut.

9. On or about October 23 through on or about October 24, 2018, WILKS was at the Mohegan Sun Casino, located in Uncasville, Connecticut, in the District of Connecticut.

**COUNT ONE**
(Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances)

10. The allegations of the Introduction to this Superseding Indictment are repeated and incorporated by reference.

11. From in or about 2015 and continuing until on or about August 5, 2019, the exact dates being unknown to the Grand Jury, in the District of Connecticut and elsewhere, the defendant ONIEL WILKS, a/k/a "Michael Levar Grant," a/k/a "Christopher Rogers," and Louie McDowell, who is separately charged, as well as others unknown to the Grand Jury, knowingly and

intentionally conspired together and with one another to possess with the intent to distribute and to distribute one kilogram or more of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(i), five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(ii), and 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyletheyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(vi).

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(Making a False Statement in a Passport Application)

12. The allegations of the Introduction to this Superseding Indictment are repeated and incorporated by reference.

13. On or about February 17, 2016, in the District of Connecticut, the defendant, ONIEL WILKS, a/k/a "Michael Levar Grant," a/k/a "Christopher Rogers," willfully and knowingly made and caused to be made a false statement in an application for a passport with the intent to induce and secure for his own use the issuance of a passport under the authority of the United States, contrary to the laws regulating the issuance of such passports and the rules prescribed pursuant to such laws, in that in such application the defendant stated that his name was "Michael Levar Grant," which statement he knew to be false.

All in violation of Title 18, United States Code, Sections 1542 and 2.

## COUNT THREE
(Aggravated Identity Theft)

14. The allegations of the Introduction to this Superseding Indictment are repeated and incorporated by reference.

15. On or about February 17, 2016, in the District of Connecticut, the defendant, ONIEL WILKS, a/k/a "Michael Levar Grant," a/k/a "Christopher Rogers," during and in relation to the crime of making a false statement in a passport application, that is, a violation of Title 18, United States Code, Section 1542, as specified in Count Two, did knowingly possess and use, without lawful authority, a means of identification of another person, to wit, the name, date of birth, and Social Security number of Michael Levar Grant.

All in violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT FOUR
(Conspiracy to Commit Money Laundering)

16. The allegations of the Introduction to this Superseding Indictment are repeated and incorporated by reference.

17. From in or about 2015 through in or about August 2019, in the District of Connecticut and elsewhere, the exact dates being unknown to the Grand Jury, the defendant ONIEL WILKS, a/k/a "Michael Levar Grant," a/k/a "Christopher Rogers," and Louie McDowell, who is separately charged, did knowingly combine, conspire, and agree with each other and with other persons known and unknown to the Grand Jury, to commit offenses against the United States in violation of Title 18, United States Code, Section 1956 and Section 1957, to wit:

(a) to knowingly conduct and attempt to conduct financial transactions affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, buying, selling, or otherwise dealing in controlled substances, as defined in Title 18, United States Code, Section 1961(1), knowing that the transactions were designed in whole or in part to

4

conceal and disguise the nature, location, source, ownership, and control of the proceeds of the specified unlawful activity, and that while conducting and attempting to conduct such financial transactions, knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i); and

(b) to knowingly engage and attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity, that is buying, selling, or otherwise dealing in controlled substances, as defined in Title 18, United States Code, Section 1961(1), and that while conducting and attempting to conduct such financial transactions, knew that the monetary transaction involved criminally derived property, in violation of Title 18, United States Code, Section 1957.

All in violation of Title 18, United States Code, Section 1956(h).

## FORFEITURE ALLEGATION
(Controlled Substance Offense)

18. Upon conviction of the controlled substance offense alleged in Count One of this Superseding Indictment, the defendant ONIEL WILKS, a/k/a "Michael Levar Grant," a/k/a "Christopher Rogers," shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, all right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violation of Title 21, United States Code, Section 846, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the said violation and a sum of money equal to the total amount of proceeds obtained as a result of the offenses including but not limited to: (1) 2014 Dodge Ram 1500 ST truck, VIN 1C6RR7KTXES327957; (2) 2019 black Toyota RAV4, CA registration 8LCV034,

VIN 2T3J1RFVOKW039257; (3) 2017 black Acura MDX, CA registration 7ZAG105, VIN 5FRYD3H50HB003193; (4) Fancy cut diamonds purchased for $20,799.00 on or about November 14, 2018 from Ben Bridge Jewelers; (5) Fancy cut diamonds purchased for $24,799.00 on or about November 14, 2018 from Ben Bridge Jewelers; (6) Large Automatic H2O Resist Watch purchased for $12,400 from Ben Bridge Jewelers on or about July 25, 2019; and (7) approximately $180,000 in cash deposited into Bank of America accounts in the name "Brittany Raedean Bennett" from September 2018 to October 2019.

19. If any of the above-described forfeitable property, as a result of any act or omission of the said defendant named in this Superseding Indictment: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third person; (c) has been placed beyond the jurisdiction of the United States District Court for the District of Connecticut; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the said defendant, up to the value of the above-described forfeitable property.

All in accordance with Title 21, United States Code, Section 853 and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

A TRUE BILL

/s/

FOREPERSON

UNITED STATES OF AMERICA

LEONARD C BOYLE
ACTING UNITED STATES ATTORNEY

KAREN L. PECK
ASSISTANT U.S. ATTORNEY