UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA | DOCKET NO. 3:19 cr 239 (AWT) |
| VS. | |
| ONIEL WILKS | December 14, 2021 |

### DEFENDANT ONIEL WILKS'S MEMORANDUM RE: THE APPEARANCE OF ASSOCIATE COUNSEL

**I.    FACTS**

The Defendant Oniel Wilks is charged under a Superseding Indictment[1] with Aggravated Identity Theft in violation of 18 U.S.C. §1028A (a)(1), False Statement on a Passport Application, in violation of 18 U.S.C. §1542, Conspiracy to Distribute Drugs in violation of 21 U.S.C. §§841(a)(1), 841 (b)(1)(A) and Conspiracy to Money Laundering 18 U.S.C. §1956(h). [2]

He is represented by the undersigned as CJA counsel who was appointed on June 28, 2021[3]. Previously, Mr. Wilks had retained counsel (Aaron J. Romano) who was terminated due to a conflict of interest[4]. Mr. Wilks was also previously represented by CJA counsel, Richard Cramer. He has submitted financial statements, under seal, which indicate that he qualifies for CJA counsel.[5]

---

[1] Docket entry #85.
[2] Through counsel, at Opening Statements on December 13, Mr. Wilks indicated that he does not contest the Identity Theft and Passport Fraud charges.
[3] Docket entry #76.
[4] Docket entry #67.
[5] Docket entry #6, #10 and #75.

Attorney Darnell Crosland has filed an appearance for him on December 14, 2021, after jury selection on December 2 and 3[6] and after the first day of trial concluded. Attorney Crosland would represent Mr. Wilks along with the undersigned for the balance of trial. Mr. Wilks indicates that his family paid for or is responsible for Mr. Crosland's fee.

The net result is that Mr. Wilks will have both CJA counsel and retained counsel representing him for the balance of the trial.

**II.     ARGUMENT**

The Supreme Court discussed the Sixth Amendment Right to Counsel in *United States v. Cuauhtemoc Gonzolez-Lopez*, 126 S.Ct. 2557 (2006). Justice Scalia appeared to discuss the defendant's right to counsel of his choice as a simple concept, not subject to a showing of prejudice, in ordering a reversal where the defendant was denied counsel he selected. In that case, the defendant had his "family lawyer" represent him at trial and he attempted to bring in a second counsel from out of state, to appear *pro hac vece*, which the court denied.

> The right to counsel of choice, however, commands not that a trial be fair, but that a particular guarantee of fairness be provided—to wit, that the accused be defended by the counsel *he believes to be best*. Cf. *Crawford v. Washington*, 541 U.S. 36, 61, 124 S.Ct. 1354, 158 L.Ed.2d 177. That right was violated here; no additional showing of prejudice is required to make the violation "complete." *(Emphasis added).*

The Court elaborated on the reason for allowing a defendant the selection of his counsel:

> Different attorneys will pursue different strategies with regard to myriad trial matters, and the choice of attorney will affect whether and on what terms the defendant cooperates with the prosecution, plea bargains, or decides to go to trial. It is impossible to know what different choices the rejected counsel would have made, and then to quantify the impact of those different choices on the outcome

---

[6] The jury was not introduced to Mr. Crosland during the selection process, but the undersigned mentioned his name during Opening Statements and that he would likely participate during trial. No juror indicated any response to this statement.

2

of the proceedings. This inquiry is not comparable to that required to show that a counsel's deficient performance prejudiced a defendant.

Justice Scalia noted that the right to counsel of one's choice is not dependent upon the Sixth Amendment right of "effective assistance of counsel" but is an absolute right and that the erroneous deprivation of counsel of his choice constitutes error.

> Deprivation of the right is "complete" when the defendant is erroneously prevented from being represented by the lawyer he wants, regardless of the quality of the representation he received.
>
> To argue otherwise is to confuse the right to counsel of choice—which is the right to a particular lawyer regardless of comparative effectiveness—with the effective counsel—which imposes a baseline requirement of competence on whatever lawyer is chosen or appointed

Admittedly, this case is arguably different from Mr. Wilks' situation, where trial has already begun, a jury has been selected and the trial is underway. In *United States v. Gotti*, 771 F.Supp552 (1991), Judge Glasser Court noted that the right to counsel of one's choice is not absolute, quoting from a dissent by Justice Marshall in *United States v. Wheat*, 486 153, 160, 108 S.Ct. 1692, 1697-8 (1988).

> The right to counsel of choice, as the Court notes, is not absolute. *When a defendant's selection of counsel, under the particular facts and circumstances of a case, gravely imperils the prospect of a fair trial, a trial court may justifiably refuse to accede to the choice.*

As trial has already begin, the defendant would have the benefit of both CJA and retained counsel, courtesy of his family. Even the late appearance of retained counsel would not interfere with trial as the jury could be polled as to his new appearance.

3

THE DEFENDANT

*/s/ Jonathan J. Einhorn*

JONATHAN J. EINHORN
129 WHITNEY AVENUE
NEW HAVEN, CT 06510
FEDERAL BAR NO. ct00163
203-777-3777
EINHORNLAWOFFICE@GMAIL.COM

CERTIFICATION

I hereby certify that on this 14th day of November, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

*/s/ Jonathan J. Einhorn*
JONATHAN J. EINHORN